PICKETT, Judge.
This court issued a rule to show cause to the plaintiff-appellant, Charles D. Soileau, why the above captioned appeal should not be dismissed as untimely. We hereby withdraw the rule to show cause and maintain the appeal.
This suit arises out of an automobile accident which occurred December 10, 1994. The matter was tried by a jury and a verdict rendered finding that the Department of Transportation and Development did not breach its duty by failing to provide guard rails. A judgment was rendered on June 11, 1997 in favor of the State of Louisiana through the DOTD and against the plaintiff dismissing his claim with prejudice. The plaintiff filed a timely motion for new trial on June 17, 1997. On June 20, 1997, the trial court issued a ruling denying the motion for new trial. On the Rcopy of that ruling, the clerk’s office stamp stated that the above and foregoing ruling had been mailed to counsel for the plaintiff on June 20, 1997. On June 30,1997, the trial court denied the motion for new trial in its written judgment. The motion and order for a devolutive appeal was filed August 25, 1997. The appeal was lodged with this court on November 13, 1997. A rule to show cause why the above captioned appeal should not be dismissed as untimely was issued by this court on November 17, 1997.
In response to the rule to show cause, counsel for plaintiff submitted a brief in opposition attaching the affidavit of two deputy clerks of court for Evangeline Parish. The affiants swore to the following facts: The Clerk of Court’s office in Evangeline Parish had a practice that mail for attorney’s practicing in the City of Ville Platte be deposited in a designated cardboard box at the Clerk of Court’s Office. The mail for the practicing attorneys in Ville Platte is not placed in the U.S. mail service for delivery, although the service stamp on the court documents so *1047 indicate. Although the Motion for New Trial and Alternatively for Judgment Not Withstanding the Verdict says that a copy of the ruling was sent to plaintiffs counsel on June 17, 1997, it was never in fact placed in the mail to plaintiffs counsel. All the rulings, judgments, and motions placed in plaintiffs counsel’s box in the Clerk of Court’s Office were never mailed in accordance with La. Code Civ.P. art.1914.
La.Code Civ.P. art.1914 states as follows:
Art.1914. Interlocutory order or judgment: notice: delay for further action when notice required
A. When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
B. The clerk shall mail notice of the rendition of the interlocutory order or judgment to the counsel of record for each party and to each party not represented by counsel; and each party shall have ten days from the date of the mailing of the notice to take any action or file any pleadings as he deems necessary, except as provided in the next Paragraph.
C. If the interlocutory order or judgment is one refusing to grant a new trial or a judgment notwithstanding the verdict, regardless of whether the motion is taken under advisement, the delay for appealing commences to run only from the date of the mailing of the notice, as provided in Articles 2087 and 2123.
D. The provisions of this Article do not apply to an interlocutory injunctive order or judgment.
La.Code Civ.P. art.2087 states as follows:
Art. 2087. Delay for taking devolutive appeal
A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1973 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
B. When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in Paragraph A of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
C. When one or more parties file motions for new trial or for judgment notwithstanding the verdict, the delay periods specified herein shall commence for all parties at the time they commence for the party whose motion is last to be acted upon the trial court.
D. An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions.
E. The time within which to take a devolutive appeal under the provisions of this Article is interrupted for all parties upon the filing of a notice of removal in a district court of the United States, pursuant to the provisions of 28 U.S.C. 1446, and commences anew on the date the proceeding is remanded.
In the present case, the notice of the denial of new trial was never mailed to the plaintiff’s counsel in accordance with La.Code Civ.P. art.1914. Therefore, the time delays for filing an appeal did not begin to run, and the appeal is therefore timely. However, the record is hereby remanded to the Clerk of Court’s Office for Evangeline Parish in order to correct any inaccurate statements or certificates in the record. Once these inaccuracies are corrected, the record is hereby *1048 ordered to be relodged with this court and new briefing delays mailed to all counsel of record. For these reasons, the rule to show cause is hereby withdrawn and the appeal maintained.

RULE TO SHOW CAUSE WITHDRAWN AND THE APPEAL MAINTAINED.