| í SULLIVAN, Judge.
This court, sua sponte, issued an order for defendant-appellant, Patricia Broder-ick, to show cause, by brief only, why the above captioned appeal should not be dismissed as untimely insofar as the appealed judgment adjudicated issues pertaining to child custody, visitation, and support. On the showing made in response to our rule, maintain the appeal.
In the course of this domestic matter, judgment was rendered by the trial court on June 18, 1999. This judgment establishes joint custody of the parties.’ minor child, designates Travis Kirkpatrick as the primary custodial parent, sets forth the visitation schedule for Patricia Broderick Chantel, makes certain provisions regarding the [2transfer of the child, adjudicates past child support issues, and dismisses all contempt citations against each party. The record contains a notice of judgment signed by the Deputy Clerk of Court for the Thirtieth Judicial District Court for Vernon Parish indicating that notice of judgment in compliance with La.Code Civ.P. art. 1913 was given to the parties through their respective attorneys of record on June 18, 1999. The motion for appeal was filed by Patricia Broderick on August 4, 1999. The record on this appeal was lodged in this court on October 6, 1999, and this court issued its order October 7,1999, to appellant to show cause why the appeal should not be dismissed insofar as the judgment adjudicates issues as to custody, visitation, and support on.
Pursuant to La.Code Civ.P. art. 3945, an appeal from a judgment which adjudicates issues of custody, visitation, or support can only be taken within the delay provided in La. Code Civ.P. art. 3942. This latter article requires that the appeal be taken within thirty days of the applicable date provided in La.Code Civ.P. art. 2087(A)(l)-(3). While Article 2087 was amended in 1995 to delete subparagraph (A)(2) and to redes-ignate subparagraph (A)(3) as (A)(2), Article 3942 was not amended. Therefore, Article 2087(A) now reads:
A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
In the instant case, no motion for new trial nor for judgment notwithstanding |3the verdict was filed; therefore, the appeal had to be taken within thirty days of the expiration of the delay for applying for such relief. In pertinent part, Article 1811(A)(1) states, “Not later than seven days, exclusive of legal holidays, after the *1223 signing of the judgment or, if notice of the signing of the judgment is required under Article 1913, not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice, a party may move for a judgment notwithstanding the verdict.” The delay for applying for a new trial under Article 1974 is ostensibly the same.
The notice requirements of La.Code Civ.P. art. 1913 pertinent to the case sub judice provides:
[[Image here]]
B. Except as otherwise provided by Article 3307, in every contested case, except in the case where the judgment rendered is signed the same day as trial and all counsel or parties not represented by counsel are present, notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
C. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
[[Image here]]
The judgment appealed in the instant matter states that it was rendered in open court on June 8, 1999; however, the written judgment reflects that the trial judge signed the judgment on June 18, 1999. Therefore, notice of the rendition of the final judgment was required to be mailed by the clerk of court. The notice of judgment that is contained in the record is captioned with the following statement:
Form No.: 305 [NOTICE OF SIGNING OF JUDGMENT IN COMPLIANCE WITH ARTICLE 1913 OF THE LOUISIANA CODE OF CIVIL PROCEDURE]
LBelow the caption of the case and the listing of counsel is the typed statement reading:
You are hereby notified that a judgment was signed on the 18 day of JUNE, 1999, in the above entitled and numbered cause, and the attached is a true copy of the said judgment.
Issued by the Clerk of Court, this 18 day of June, 1999.
The foregoing notice was signed by the Deputy Clerk of Court for Vernon Parish.
In the brief filed by appellant responding to this court’s rule to show cause why the appeal should not be dismissed, appellant states that the above notice of judgment was not sent in compliance with Article 1913. Rather, appellant avers that the Clerk of Court’s office for Vernon Parish did not place the above notice of judgment in the mail, but instead, placed the notice in a “box” which is kept for each local counsel in the Vernon Parish Clerk of Court’s office.
Upon request by this court, the Vernon Parish Clerk of Court’s office provided this court with an affidavit which verifies that the above discussed notice of judgment was placed in the “pick-up box” for appellant’s attorney of record in the Vernon Parish clerk’s office. This court has previously held that notice placed in a “box” retained in the clerk’s office for each local counsel does not fulfill the notice requirements of La.Code Civ.P. art. 1913. Soileau v. State Through Dept. of Transp., 97-1541 (La.App. 3 Cir. 2/18/98); 707 So.2d 1046. As notice of judgment was not sent in accordance with La.Code Civ.P. art. 1913, the instant appeal was timely. Accordingly, this court hereby withdraws the rule to show cause and maintains the appeal.

APPEAL MAINTAINED.