808 So.2d 562 (2001)
Jodie Landry DUPUY (Innis)
v.
Richard A. DUPUY.
No. 2000 CU 2744.
Court of Appeal of Louisiana, First Circuit.
March 28, 2001.
*563 Jamie Fontenot, Plaquemine, Counsel for Plaintiff/Appellee Jodie Landry Dupuy (Innis).
C. Jerome D'Aquila, Thomas Nelson, New Roads, Counsel for Defendant/Appellant Richard A. Dupuy.
Before WHIPPLE, KUHN, and DOWNING, JJ.
KUHN, Judge.
This is an appeal of a judgment granting the parties joint custody of their two minor children and designating one as the domiciliary parent. We dismiss the appeal as untimely.

FACTS AND PROCEDURAL HISTORY
The Dupuys were married on December 16, 1988. On September 4, 1997, plaintiff/appellee, Jodie Dupuy, filed a petition for divorce. Also in September of 1997, the parties each signed a Stipulated Judgment whereby joint custody of the two minor children was agreed upon by the parties. The Stipulated Judgment was signed by the court on October 15, 1997. Neither parent was designated as the domiciliary parent and custody alternated week to week between the parties. A judgment of divorce was granted on July 31, 1998.
Appellant/defendant, Richard Dupuy, then moved to be designated domiciliary parent. After a two-day custody trial, on November 24, 1998 and September 17, 1999, the matter was taken under advisement. On November 10, 1999, judgment was signed granting the parties joint custody and designating appellee as the domiciliary parent. The parties were also given thirty days within which to submit to the court a joint custody implementation plan. Notice of the judgment was mailed to counsel of record on November 29, 1999.
*564 Appellant then filed a motion for new trial.[1] The motion for new trial was heard on March 10, 2000, and taken under advisement. On June 2, 2000, the court denied the motion for new trial. In its judgment, the court also ordered that the joint custody implementation plan attached to the judgment be immediately implemented. Notice of this judgment was mailed on June 14, 2000.
On June 21, 2000, appellant filed a motion for new trial "in regard to the court's Custody Implementation Plan Order signed in this proceeding on June 2, 2000," alleging that there was no hearing, evidence or input of the parties to the custody plan, including the award of child support payments.
Appellant then filed, on July 27, 2000, a motion and order for a devolutive appeal stating his desire "to appeal devolutively from the judgment of this Court rendered and signed herein on November 10, 1999." The order granting the appeal was signed August 3, 2000.
On October 4, 2000, the second motion for new trial was heard. By judgment dated November 3, 2000, the court, on its own motion, rescinded and set aside the judgment of June 2, 2000, "which adopted a joint custody implementation plan and set the child support obligation, except to the extent that the visitation schedule of Richard A. Dupuy contained in said joint custody implementation plan shall remain in effect until further orders of this Court." In the judgment, the court provided additional orders with regard to custody and child support matters. Appellant filed his own joint custody implementation plan on October 16, 2000.
The record in this appeal was lodged with this court on December 1, 2000, and on December 4, 2000, appellee moved to dismiss the appeal as untimely.

DISCUSSION
Pursuant to La. C.C.P. art. 3945, an appeal from a judgment which adjudicates issues of custody, visitation, or support can only be taken within the delay provided in La. C.C.P. art. 3942. The latter article requires that the appeal be taken within thirty days of the applicable date provided in La. C.C.P. art. 2087(A)(1)-(3). While article 2087 was amended in 1995 to delete subparagraph (A)(2) and to redesignate subparagraph (A)(3) as (A)(2), article 3942 was not amended. Kirkpatrick v. Broderick, 99-1553, p. 2 (La.App. 3rd Cir.11/24/99), 747 So.2d 1221, 1222. Therefore, article 2087(A) now reads:
A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
Article 1914 provides, in pertinent part:
C. If the interlocutory order or judgment is one refusing to grant a new trial or a judgment notwithstanding the verdict, *565 regardless of whether the motion is taken under advisement, the delay for appealing commences to run only from the date of the mailing of the notice, as provided in Articles 2087 and 2123.
In the instant case, the motion for new trial with regard to the November 10, 1999 judgment was denied on June 2, 2000. The date of the mailing of the notice of the court's refusal to grant the motion was June 14, 2000. Therefore, the appeal had to be taken within thirty days of the mailing of such notice.
Appellant contends, however, that the November 10, 1999 judgment was not final until November 3, 2000, the date of the judgment rescinding portions of the June 2, 2000 judgment. Therefore, according to appellant, his appeal is timely.
Each child custody case must be viewed in light of its own particular set of facts and circumstances with the paramount goal of reaching a decision which is in the best interest of the children. The trial court is vested with vast discretion in matters of child custody and visitation. Remson v. Remson, 95-1951, p. 4 (La.App. 1st Cir.4/4/96), 672 So.2d 409, 411.
Because there must be flexibility in the area of child custody, the law grants courts continuing jurisdiction for modification of prior awards. In such cases, an award of custody to one party may be modified upon a showing of a change in circumstance sufficient to warrant a custodial change. The principle behind this policy is the best interest of the child. La. C.C. art. 131. Thus, a court is able to award custody of a child without having to be forever bound by that judgment. By allowing awards of custody to be reopened upon a change of circumstance, the overriding principlethat custody be awarded in the best interest of the childis ensured. Falgout v. Dealers Truck Equipment Co., 98-3150, p. 9 (La.10/19/99), 748 So.2d 399, 406.[2] Similarly, child support awards are always subject to modification if the needs of the child and/or the ability of the parent to pay justifies the modification. See La. C.C. art. 142; La. R.S. 9:311. See also Stogner v. Stogner, 98-3044, pp. 11-12 (La.7/7/99), 739 So.2d 762, 769-70. Therefore, in custody and support matters, there may be several requests for modification brought before the court by rule to show cause, each resulting in a final appealable judgment. See La. C.C.P. art. 2592; La. C.C.P. art.1911. Appellant is appealing the November 10, 1999 judgment, not the judgment of November 3, 2000. Appellant's argument on the issue of timeliness of the appeal is without merit.

CONCLUSION
The timely filing of a motion for an appeal is a condition precedent for an appellate court to properly obtain jurisdiction over an action. Shahla v. City of Port Allen, 601 So.2d 746, 751 (La.App. 1st Cir.1992). Because appellant did not file his appeal until July 27, 2000, this court must dismiss the appeal for lack of jurisdiction as it is untimely. La. C.C.P. art. 2162. Accordingly, appellee's motion to dismiss the appeal is granted and appellant's appeal is dismissed. Costs are assessed against the defendant/appellant, Richard Dupuy.
APPEAL DISMISSED.
NOTES
[1] Although appellee asserts in her brief in support of her motion to dismiss the appeal that the motion for new trial was filed on December 6, 1999, there is nothing in the record to reflect that date. A motion for a contradictory hearing for new trial was filed on January 20, 2000.
[2] Falgout is a workers' compensation case. However, the Louisiana Supreme Court, in its discussion of modification of workers' compensation awards, found custody cases illustrative of another area of the law in which there are special considerations, allowing for the flexibility of modification of awards.