STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

Docket 04-584, 04-585 and 04-586

CHRISTOPHER SIMS

VERSUS

LIBERTY MUTUAL INS. CO., ET AL.

Consolidated with

GERALD ALAN CROY, ET AL.

VERSUS

DENNIS STEPHENSON, ET AL.

Consolidated with

TERRY M. CROY, INDIVIDUALLY AND ON BEHALF
OF THE SUCCESSION OF WAYNE V. CROY

VERSUS

LIBERTY MUTUAL INS. CO., ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 178,614-D, 177,821-D, and 177,831-D,
HONORABLE W. ROSS FOOTE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

GLENN B. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and John B. Scofield\*,
Judges.

MOTION TO CORRECT RECORD
DENIED. APPEAL OF TERRY CROY
DISMISSED.

STEVEN P. MANSOUR
MANSOUR & DEASON
2230 S. MacArthur Dr.
Alexandria, LA 71315
(318) 442-4855
COUNSEL FOR CHRISTOPHER SIMS

ROY HALCOMB
BROUSSSARD, BOLTON, HALCOMB & VIZZIER
812 Fifth Street
Alexandria, LA 71301
(318) 487-4589
COUNSEL FOR GERALD ALAN CROY, KATHY STANLEY,
    TWYLA TANNER AND BRIAN CROY

W. JAY LUNEAU
THOMAS D. DAVENPORT, JR.
LUNEAU LAW OFFICE
1239 Jackson Street
Alexandria, LA 71301
(318) 767-1161
COUNSEL FOR TERRY CROY

GREG ENGLESMAN
BOLEN, PARKER & BRENNER
P. O. Box 11590
Alexandria, LA 71315-1590
(318) 445-8236
COUNSEL FOR LIBERTY MUTUAL INSURANCE CO. AND
    HIXSON-HOPKINS AUTOPLEX OF ALEXANDRIA, INC.

LARRY STEWART
STAFFORD, STEWART & POTTER
P. O. Box 1711
Alexandria, LA 71309
(318) 487-4910
COUNSEL FOR DENNIS STEPHENSON

STACY AUZENNE
KEISER, AUZENNE & BOUDREAUX
P. O. Box 12394
Alexandria, LA 71315
(318) 443-6168
COUNSEL FOR CITY OF PINEVILLE

*Judge John B. Scofield, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

Gremillion, Judge.

A final judgment was rendered in the above captioned consolidated cases on August 15, 2003. Defendant, the City of Pineville, filed a motion for new trial/judgment notwithstanding the verdict. The post-judgment motion was denied on September 17, 2003. Four appeals from the trial court's judgment have been filed.

On May 3, 2004, this court issued a rule to show cause directed to Terry Croy, individually and on behalf of the Succession of Wayne V. Croy, to show cause, by brief only, why the appeal in the above captioned consolidated cases should not be dismissed as untimely. In response to said rule, appellant, Terry Croy, filed a "Response to Order to Show Cause," a "Motion to Correct Record Pursuant to La.C.C.P. Art. 2132," and a "Supplemental Response to Order to Show Cause."

Turning first to the motion to correct record, said motion prays that the record be corrected to show that the notice of judgment denying the motion for new trial/judgment notwithstanding the verdict was not mailed as indicated in the clerk's certificate. The record contains a certificate of service indicating notice of the signing of the judgment denying the motion for new trial/judgment notwithstanding the verdict was mailed on September 17, 2003. The motion to correct asserts the procedure for mailing notice utilized by the Ninth Judicial District Court does not comply with the requirements of La.Code Civ.P. art. 1914, which requires the clerk mail notice of the signing of a judgment denying a motion for new trial or motion for judgment notwithstanding the verdict.

With respect to the procedure utilized by the clerk's office, appellant submitted the affidavit of Rhonda Ryland ("Ryland"), Deputy Clerk of Court. The affidavit of Ryland indicates she prepared a notice of judgment denying the motion for new trial/judgment notwithstanding the verdict in the instant case on September 17, 2003. Ryland further stated she placed the notices in envelopes properly addressed to the parties. She then placed the envelopes in a box located at or near the receptionist's desk used to collect outgoing mail of the court. Therefore, Ryland did not personally place the envelopes containing the notices in the U.S. mail, and she does not have personal knowledge of when the notices were placed in the U.S. mail. Finally, Ryland's affidavit states the receptionist gives the outgoing mail to a "trustee" inmate who is instructed to place the outgoing mail in the U.S. Mail.

1

In support of the assertion that the above referenced procedure utilized by the clerk's office does not comply with art. 1914, appellant cites this court's opinion in *Soileau v. State ex rel Department of Transportation and Development*, 97-1541 (La.App. 3 Cir. 2/18/98), 707 So.2d 1046. At issue in *Soileau* was the district court's procedure of placing mail in boxes, labeled with the attorneys' name, which were located in the clerk's office. The mail was not placed in the U.S. mail. This court finds *Soileau* to be distinguishable because the U.S. mail service was not utilized at all in that case. In the instant case, a trustee is instructed to place the mail of the Ninth Judicial District Court in the U.S. mail. Appellant failed to offer proof that the mail is not deposited in the U.S. mail on the same day that it is collected by the trustee. Accordingly, appellant's motion to correct record is hereby denied as this court finds notice of was mailed by the clerk's office on September 17, 2003 as reflected in the record.

Turning to the alternative argument on the issue of timeliness presented in appellant's "Response to Order to Show Cause." Appellant asserts her appeal was timely pursuant to La.Code Civ.P.art. 2087 B, which permits an appellee to file a motion for appeal within 10 days of the mailing by the clerk of the notice of the first devolutive appeal. Appellant relies on the appeal filed by Gerald Croy, Kathy Stanley, Twyla Tanner and Brian Croy, which was filed on November 13, 2003.

This court notes, however, the appeal filed by Gerald Croy, et al. was not the first devolutive appeal filed. The appeal filed by Christopher Sims on October 16, 2003 was the first devolutive appeal filed. Although appellant does not so state in the "Response to Order to Show Cause," this court assumes appellant relies on the appeal of Gerald Croy as that is the first devolutive appeal that appellant has a interest in. However, this court must apply art. 2087 B as written. Said article allows an appellee to file a devolutive appeal within 10 days of the mailing of notice of the <u>first</u> devolutive appeal. Appellant's motion for appeal was not filed within 10 days of the first devolutive appeal. Therefore, appellant's appeal must be dismissed as untimely.

<u>**MOTION TO CORRECT RECORD DENIED. APPEAL OF TERRY CROY DISMISSED.**</u>