920 So.2d 981 (2006)
Christi Lynn Fowler COOK, Plaintiff-Appellant,
v.
Porter Alan COOK, Defendant-Appellee.
No. 40,572-CA.
Court of Appeal of Louisiana, Second Circuit.
January 25, 2006.
*982 Susan D. Scott, Shreveport, for Appellant.
Jonathan M. Stewart, for Appellee.
Before STEWART, PEATROSS and DREW, JJ.
STEWART, J.
Christi Lynn Fowler Cook appeals the portion of the trial court's judgment allowing an automatic change in her exercise of domiciliary custody of her four minor children without a evidentiary hearing. Finding that the provision providing automatic transfer of custody without a hearing on the merits is error as a matter of law, we vacate the portion of the judgment pertaining to the automatic change of custody provision, and remand this matter to the trial court for proceedings consistent with the instructions contained in this opinion.

FACTS
Christi and Porter were married in 1987, and lived in Ringgold, Louisiana. They separated in January 2001, and a judgment of divorce was granted in September 2001. Incidental to the divorce, Porter was awarded full ownership of the former matrimonial domicile in Ringgold. The parties were awarded joint custody of their four minor children with Christi exercising physical custody in alternating two week intervals. However, the Joint Custody Implementation Plan had the following provision:
Neither parent shall allow Shannon Maloney to be associated with the minor children and thereby not allowing her to live or visit in the home at 2961 Highway 4, Ringgold, Louisiana.
In July 2003, Porter filed suit to modify custody because Christi had relocated to Caddo Parish, and he asked that he be named domiciliary parent subject to Christi's visitation on alternating weekends, holidays, and during the summer. In March 2004, the court appointed an expert to examine and interview the parties, minor children, and anyone else the expert deemed necessary to the proceedings. The expert was ordered to file a report of findings and recommendations with the court.
On June 4, 2004, Porter amended his motion to change custody further alleging that Christi had allowed Shannon Maloney to "freely associate" with the minor children and to live in the same household with Christi. He asked that Christi be held in contempt for moving to Caddo Parish and for violation of the joint custody plan because of her association with Maloney. Porter not only wanted to be designated domiciliary custodian of the children, but he also wanted Christi's visitation restricted so that any visitation by Christi would occur at her parents' home or under their supervision.
The parties appeared in court on June 17, 2004, and stipulated an agreement on most issues. On March 25, 2005, a written judgment was signed by both counsel and Porter, but not Christi. In the court's ruling Christi was adjudged to be in contempt for allowing Maloney to visit in her home and associate with the minor children and for failing to make a private school tuition payment and Christi was sentenced to six months in jail. However, the jail sentence was suspended conditioned upon her compliance with the terms of the original judgment and joint custody plan and her compliance with conditions directing her to pay all experts fees, court costs, attorney fees and various expenses of the minor children. She was also ordered to relocate to "at or near" Coushatta, Louisiana within 90 days or return her domicile to Bienville Parish. Christi consented *983 to all of the above. However, she filed this appeal based upon an objection to the following provision in the judgment:
Further, in the event of a future violation by Christi Lynn Fowler Cook of the said judgment and Joint Custody Implementation Plan by allowing Shannon Maloney to visit or associate with the minor children, there shall be a change of custody and Porter Alan Cook shall be designated as the primary domiciliary parent and Mrs. Cook will be granted supervised visitation periods.
(Emphasis added).

DISCUSSION

Child Custody
The best interest of the child is the guiding principle in all child custody litigation. La. C.C. arts. 131, 134. The best interest of the child test under Civil Code articles 131 and 134 is a fact-intensive inquiry requiring the weighing and balancing of factors favoring or opposing custody in the competing parties on the basis of the evidence presented in each case. Warlick v. Warlick, 27,389 (La. App.2d Cir.9/29/95), 661 So.2d 706. Each child custody case must be viewed within its own peculiar set of facts. Galjour v. Harris, 00-2696 (La.App. 1 Cir.3/28/01), 795 So.2d 350, writs denied, 01-1238, 1273 (La.6/1/01), 793 So.2d 1229, 1230, cert. denied, 534 U.S. 1020, 122 S.Ct. 545, 151 L.Ed.2d 422. The trial court is in the best position to ascertain the best interest of the child given each unique set of circumstances. Id. It is well-settled that a court of appeal may not set aside a trial court's finding of fact in custody disputes in the absence of manifest error or unless it is clearly wrong. Evans v. Lungrin, 97-0541, 97-0577 (La.2/6/98), 708 So.2d 731. A trial court's assessment of the probative value of evidence is accorded great weight and will not be disturbed absent a clear abuse of discretion. Mills v. Wilkerson, 34,694 (La.App.2d Cir.3/26/01), 785 So.2d 69.
Initially, as a procedural matter regarding the continuing jurisdiction over custody proceedings, we find that the trial court's ruling based upon possible future developments in Christi's life is improper. Where a litigant has been subject to the personal jurisdiction of the court in a case where a custody award has been made, jurisdiction will continue as to those matters directly related to the custody and best interest of the child. Parker v. Parker, 382 So.2d 201 (La.App. 2d Cir.1980). Because there must be flexibility in the area of child custody, the law grants courts continuing jurisdiction for modification of prior awards, upon the appropriate showing and according to the best interest of the child. Thus, a court is able to award custody of a child without having to be forever bound by that judgment. By allowing awards of custody to be reopened upon a change in circumstance, the overriding principle  that custody be awarded in the best interest of the child  is ensured. See, Dupuy v. Dupuy, 2000-2744 (La.App. 1 Cir. 3/28/01), 808 So.2d 562. The trial court's attempt to control Maloney's alleged harmful influence over the children and the imposition upon Christi should not take the form of an "automatic non-judicial change" in the sharing of custody as included in the present judgment. Neither party has appealed any other finding of the trial court, and we find that the judgment was proper in all other respects.

CONCLUSION
As such, we vacate that portion of the trial court's judgment relating to a future change of domiciliary custody from Christi Cook to Porter Cook, and delete the provision that provides for an automatic change of custody without the appropriate showing *984 considering the best interests of the children, and remand this matter to the trial court for further proceedings if necessary.
VACATED IN PART AND REMANDED.