970 So.2d 960 (2007)
Christi Lynn Fowler COOK
v.
Porter Alan COOK.
No. 2007-CJ-2091.
Supreme Court of Louisiana.
December 14, 2007.
*961 PER CURIAM.
In this child custody matter, the father seeks review of a ruling of the court of appeal which reversed a judgment of the district court modifying a custody order. For the reasons that follow, we reverse the judgment of the court of appeal and reinstate the judgment of the district court.

FACTS AND PROCEDURAL HISTORY
Christi Lynn Fowler Cook ("Christi") and Porter Alan Cook ("Porter") were married in 1987, and had four children. In 2001, the couple separated. Following the separation, Christi entered into a relationship with Shannon Maloney ("Shannon").
After the separation, Christi and Porter voluntarily entered into a joint custody implementation plan, providing that the parents would share custody equally, two weeks with each parent alternatively. The plan also included a provision referred to as the "Shannon clause," which provided:
Neither parent shall allow Shannon Maloney to be associated with the minor children and thereby allowing her to live or visit in the home at 2961 Highway 4, Ringgold, Louisiana.
In 2002, the parties divided their community property. Porter retained the family home in Ringgold, and Christi moved to Caddo Parish.
In 2003, Porter filed a request for change of custody and motion for contempt. In support, he argued that Christi violated the "Shannon clause" by living with Shannon. Additionally, he asserted that her move to Caddo Parish resulted in a change in circumstances which change was not in the best interest of the children.
After a pretrial conference in June 2004, the parties entered a stipulated judgment in which Christi admitted she had violated the prior custody agreement by allowing Shannon to visit her while the children were with her. The court imposed a six-month contempt sentence, suspended on the condition that Christi pay certain costs, relocate to Bienville Parish and fully comply with the original custody agreement.[1]
In April 2005, Porter filed a second motion to change custody and for contempt. *962 He alleged that Christi had continued to violate the "Shannon clause" in the original custody agreement.
In response, Christi moved to alter the original custody agreement. She sought to strike the "Shannon clause" from the agreement and to be named domiciliary parent.
At the hearing on the motions, Christi admitted that she remained involved with Shannon. She stated that she lived with Shannon when Porter had custody of the children. When she had physical custody of the children, Shannon lived in an adjacent trailer. Christi also discussed the constraints caused by the need to provide transportation for Shannon.[2] Although Christi denied violating the "Shannon clause," she admitted that Shannon attended the children's special events with her. However, Christi explained that the couple did not sit with or next to the children on these occasions.
Shannon testified that she had moved to Bossier City in May 2006, and she had never been at Christi's trailer or in her car when the children were present since the stipulated judgment in which Christi admitting violating the "Shannon clause." Several additional witnesses testified concerning the effect of Christi's relationship with Shannon as it relates to the best interests of the children.
At the conclusion of the hearing, the district court found Christi in contempt for violating the "Shannon clause," sentencing her to six months, suspended, and two years supervised probation. The district court found a pattern of misconduct which demonstrated Christi's disregard for the best interests of the children. The court observed that Christi had encouraged the children to deceive their father, and that Christi had attempted to deceive the court about where Shannon lived. The court further noted that the court-appointed expert, James Fullilove, a mental health counselor, opined that Shannon did not represent an appropriate parental figure for the children, although Christi insisted that Shannon assume such a role. In addition, the court cited Mr. Fullilove's opinion that Christi's relationship with Shannon was not in the children's best interests. Based on these findings, the district court modified the custody order, appointing Porter as the domiciliary parent and awarding him custody during the school year. The court granted Christi physical custody during the summer holidays.[3]
Christi appealed, arguing that the trial court erred in modifying the custody order and in finding her in contempt. In a split decision, a five-judge panel of the court of appeal reversed in part and affirmed in part.
The majority initially noted the trial court failed to make a finding that there had been a material change in circumstances. As a result, the court found the trial court committed legal error, requiring it to review the evidence de novo. Based on its de novo review, the court found "precious little record evidence" to support the district court's conclusion that Christi violated the "Shannon clause." As a result, the court found there was no evidence of a material change in circumstances and reversed that portion of the trial court's judgment modifying the initial custody agreement. Likewise, the court of appeal reversed the portion of the trial court's *963 judgment holding Christi in contempt.[4]
A dissenting judge found no error in the ruling of the district court modifying the custody arrangement. The dissenting judge reasoned that Christi's deceptions and continued involvement with Shannon "showed her efforts and intent to have Shannon associated and involved in the children's lives contrary to what she agreed to with their father."
Porter now applies to this court, seeking review of the judgment of the court of appeal.

DISCUSSION
It is well settled that an appellate court cannot set aside a juvenile court's findings of fact in the absence of manifest error or unless those findings are clearly wrong. State in the Interest of S.M.W., 00-3277 (La.2/21/01), 781 So.2d 1223. It is important that the appellate court not substitute its opinion when it is the juvenile court who is in the unique position to see and hear the witnesses as they testify. In re A.J.F., 00-0948 (La.6/30/00), 764 So.2d 47. The trier of fact is not disadvantaged by the review of a cold record and is in a superior position to observe the nuances of demeanor evidence not revealed in a record. Id.
In the instant case, the district court made a finding of fact that Porter proved a change in circumstances based upon Christi's repeated violations of the provision of the custody order mandating that she not allow Shannon to associate with the children. In making this finding, the district court observed that Christi previously admitted to the court in 2004 that she violated the custody order, and noted Christi had tried to deceive the court as to Shannon's living arrangements, representing that Shannon lived a mile away from her, when she in fact lived next door. The court further determined Christi was not credible when she testified that she did not intend for the children to have contact with Shannon, explaining:
It is extremely hard for this court to believe that while [Shannon] was living next door to [Christi] that [Shannon] had no contact whatsoever with the minor children while they were visiting with their mother. The evidence indicated that for quite some time [Christi] had to take [Shannon] to work because [Shannon] had no transportation. It is doubtful that this could be done morning, afternoon and night, depending on [Shannon's] shift, without the minor children knowing what was going on and without the minor children being in direct contact with [Shannon] at either [Christi's] trailer or [Shannon's] trailer.
Considering the record as a whole, we cannot say the district court was clearly wrong in finding Christi's actions demonstrated an intent to have Shannon associated with the children and involved in their lives, contrary to the custody order. Christi's repeated failure to abide by the court's order constitutes a change in circumstances which justifies the district court's modification of custody as well as its finding of contempt. Accordingly, we must reverse the judgment of the court of appeal insofar as it reverses the district court's judgment.

DECREE
For the reasons assigned, the writ is granted. The judgment of the court of appeal is reversed insofar as it reverses the judgment of the district court. The judgment of the district court modifying *964 the joint custody implementation plan by making Porter Alan Cook the primary custodial parent and holding Christi Lynn Fowler Cook in contempt is reinstated.
CALOGERO, C.J., dissents and assigns reasons.
CALOGERO, Chief Justice, dissenting.
I dissent from the majority's action today and would have denied the writ application, because I find no error in the court of appeal's decision to review the matter de novo. Alternatively, I would have granted and docketed the case, so that this court could have had benefit of the record, full briefing, and oral argument, rather than take away this mother's custody award and affirm the contempt holding and sentence, based solely on the father's writ application.
NOTES
[1] Christi opposed a portion of this consent judgment. She appealed a portion of the decree, stating that if she violated the Shannon clause "there shall be a change of custody and Porter Alan Cook shall be designated as the primary domiciliary parent[.]" The court of appeal reversed this "automatic non-judicial change" provision. Cook v. Cook, 40,-572 (La.App. 2nd Cir.1/25/06), 920 So.2d 981.
[2] Apparently, Christi drives Shannon to work.
[3] The order also provided that the parents equally share custody of the children during other holidays, and allowed Christi visitation of the children every other weekend during the school year.
[4] The court affirmed the portion of the trial court's order refusing to strike the "Shannon clause." This portion of the court of appeal's judgment is not at issue.