977 So.2d 1119 (2008)
David M.D. LANNES
v.
Marisol Fernandez LANNES.
No. 2007-CA-0345.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 2008.
*1120 David M. Hufft, Pivach, Pivach, Hufft & Thriffiley, L.L.C., Belle Chase, Louisiana, for Plaintiff/Appellee.
Mitchell J. Hoffman, Kim N. Nguyen, Lowe Stein Hoffman Allweiss & Hauver, L.L.P., New Orleans, Louisiana, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge ROLAND L. BELSOME).
JAMES F. McKAY III, Judge.
The appellant, Marisol Lannes[1], appeals the judgment of the trial court granting joint custody of the two minor children and setting specific visitations with the appellee, David Lannes.
FACTS AND PROCEDURAL HISTORY
In May of 2004, as per final decree of divorce in the County of Henico, State of Virginia, Marisol and David Lannes, were awarded joint custody of the two minor children of the marriage, with reasonable visitation rights granted to David Lannes.[2]
On July 14, 2006, David Lannes filed a petition for change of child custody in Plaquemines Parish, State of Louisiana, where the custodial parent, Marisol Lannes resides. Since the divorce decree in Virginia, Mr. Lannes moved to the State of Illinois. In his petition he requested expanded physical custody/visitation rights. On December 4, 2006, the matter came to trial and David Lannes was awarded expanded custodial rights to include periods at his home in Naperville, Illinois.[3] On December 19, 2006, Marisol Lannes filed a notice of motion for appeal. After numerous changes in counsel of record in the matter, Marisol Lannes filed a notice of intent to apply for writs of review, certiorari, and mandamus and a request for stay order for the February 22, 2007 judgment with the district court, which was denied. Subsequent to this denial, she filed a request for expedited consideration, request for stay order and emergency application for supervisory writs of review, certiorari and mandamus with this Court. This Court denied her application finding that the trial court had not abused its discretion. On April 26, 2007, she filed a request for expedited consideration, request for stay order and emergency application for supervisory writs of review, certiorari and mandamus with the Louisiana Supreme Court, which was denied on May 18, 2007.
ASSIGNMENT OF ERROR
In her appellate brief, Marisol Lannes, virtually duplicates the same argument she previously addressed before this Court in 2007-C-0362 and the Louisiana Supreme Court in 2007-CJ-855. In this appeal, she asserts that the trial court committed legal error and abused its discretion in failing to consider all relevant factors regarding the best interest of the children pursuant to La. C.C. arts. 131 and 134. She further argues that the trial court's written judgment *1121 departs from the statements on the record.
STANDARD OF REVIEW
In child custody cases, appellate courts will not disturb an award of custody absent a manifest abuse of discretion in the trial court. See Revision Comments 1993 to La. Civil Code art. 134, Comment (b). In Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), the Louisiana Supreme Court described the appellate review standard by stating that "upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight, and his discretion will not be disturbed on review in the absence of a clear showing of abuse." Id. at 1196. See also AEB v. JBE, 99-2668, p. 7 (La.11/30/99), 752 So.2d 756, 761.
Where there has been an error of law, a de novo review is required in a child custody case. In Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, the Supreme Court discussed the appellate review standard where, the trial court has committed legal error. The Supreme Court stated:
[W]here one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. When such a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo.
97-0541, 97-0577, pp. 6-7, 708 So.2d at 735 (citations omitted).
In the instant matter a de novo review standard is not applicable.
ANALYSIS
The paramount consideration in any determination of child custody is the best interest of the child. La. C.C. art. 131; Evans v. Lungrin, Id., Rutledge v. Rutledge, 41,792 (La.App.2d Cir. 12/13/06), 945 So.2d 307. The best interest of the child test under Articles 131 and 134 is a fact-intensive inquiry requiring the weighing and balancing of factors favoring or opposing custody in the competing parties on the basis of the evidence presented in each case. Rutledge, supra; Cook v. Cook, 40,572 (La.App.2d Cir.1/25/06), 920 So.2d 981. Each custody case must be viewed within its own peculiar set of facts. Cook, supra.
La. C.C. art. 134 provides that the court shall consider all relevant factors in determining the best interest of the child and such factors may include the following:
(1) The love, affection, and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.

*1122 (5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties.
(12) The responsibility for the care and rearing of the child previously exercised by each party.
The court is not bound to make a mechanical evaluation of all of the statutory factors listed in Article 134, but should decide each case on its own facts in light of those factors. The court is not bound to give more weight to one factor over another, and when determining the best interest of the child, the factors must be weighed and balanced in view of the evidence presented. Rutledge, supra. Moreover, the factors are not exclusive but are provided as a guide to the court and the relative weight given to each factor is left to the discretion of the trial court. Rutledge, supra, citing McIntosh v. McIntosh, 33,908 (La.App.2d Cir.8/31/00), 768 So.2d 219.
On December 4, 2006, a trial was held and all of the parties presented their arguments and evidence reflecting their respective concerns. One of the factors a court must consider, if it is relevant, is "[t]he reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference." Id. Revision Comments  1993 to La. Civil Code art. 134, Comment (b), however, states that "[t]he list of factors provided in this Article is nonexclusive, and the determination as to the weight to be given each factor is left to the discretion of the trial court." Here, the trial judge interviewed the eldest child and the record contains a transcription of the exchange. On February 22, 2007, the trial court rendered judgment in which he carefully outlines in great detail the criteria for the joint custody/visitation rights to be followed by both parents. The trial court's comments throughout the transcript coupled with the evidence as a whole preponderates in favor of the reasonableness of the trial courts decision. All of the factors painstakingly take into account all of the concerns of the appellant, which include parenting classes, therapy, taking the children's' schooling into consideration when determining the visitations for holidays and summers, ordering non-stop flights between New Orleans and Chicago and ordering Mr. Lannes to consult with the children's' doctor to find out what is safe in his home to meet the children's' various medical concerns. These children are not young children, but are now young teenagers and their best interest was clearly considered by the trial court in compliance with La. C.C. arts. 131, 134 and applicable jurisprudence. It is abundantly clear that the trial court did not abuse its discretion in its final judgment.
CONCLUSION
After a careful reading of the transcript and a review of the entire record before this Court, we find that there was no abuse of discretion of the trial court concerning the final judgment. Furthermore, we find no merit to appellant's argument that the final written judgment does not adequately reflect the oral judgment from *1123 the trial on the merits. Therefore, we affirm the judgment of the trial court.
AFFIRMED.
BELSOME, J., concurs in the result.
NOTES
[1] Based on a remarriage, her name is now Marisol F. Tucker.
[2] To date, based on the record, the oldest child is almost sixteen years old and the youngest is almost thirteen years old.
[3] The judgment was reduced to a written judgment on February 22, 2007.