STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT


2021 CA 1173

MELISSA CARTER

VERSUS

JEREMY CARTER

Judgment rendered: __MAY 1 2 2022__

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
No. 153204

The Honorable Jeffrey C. Cashe, Judge Presiding

* * * * *

C. Glen Westmoreland
Sherman Q. Mack
Matthew H. Todd
Emily Guidry Jones
Albany, Louisiana

Attorneys for Plaintiff/Appellant
Jeremy Carter


Dede Sabagh Ferrara
Walker, Louisiana

Attorney for Defendant/Appellee
Melissa Carter

* * * * *

**BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

**HOLDRIDGE, J.**

Defendant, Jeremy Carter, appeals the district court's judgment granting a rule for contempt filed by plaintiff, Melissa Carter, and ordering Mr. Carter to reimburse Ms. Carter for attorney fees and costs associated with the filing of the rule for contempt. Because the judgment lacks specificity and is not a valid final judgment, we dismiss the appeal.

### FACTUAL AND PROCEDURAL HISTORY

The Carters were married in 2006 and subsequently divorced in 2017. Although no children were born of the marriage, AC, born August 7, 2002, was adopted by the couple. Ms. Carter's petition for divorce sought joint custody of AC and child support. The parties ultimately agreed to the terms of a stipulated judgment that was signed by the trial court in 2016. In pertinent part, this judgment provided:

> **IT IS HEREBY ... ORDERED, ADJUDGED AND DECREED** that with regards to child support on behalf of [AC], JEREMY CARTER shall pay all of [AC's] extracurricular activity expenses, purchase her a car and pay the notes for the car until paid in full, pay her car insurance, cell phone and cell phone bill, pay her non[-] covered medical/dental expenses, pay all school uniforms, supplies, all registration fees, all graduation fees, and senior trip expenses.

In May 2020, Ms. Carter filed a rule for contempt, alleging Mr. Carter had not paid the expenses as itemized in the stipulated judgment and asking the district court to order him to pay attorney's fees, court costs, and sanctions. On April 12, 2021, the trial court signed a judgment granting Ms. Carter's rule for contempt, ordering Mr. Carter to pay specified sums for reimbursement claims for uniform expenses and graduation fees, and further ordering, in pertinent part, as follows:

> **IT IS ... ORDERED, ADJUDGED AND DECREED** that [Mr. Carter] shall purchase a vehicle and pay the insurance for said vehicle for a period of time equal to the time the minor child would have been in high school, from November 2016 through the date of her graduation.

> **IT IS ... ORDERED, ADJUDGED AND DECREED** that [Mr. Carter] shall provide a cell phone to the minor child and pay an amount

2

equal to a reasonable amount of cell phone charges for a period of time equal to the time the minor child would have been in high school, from November 2016 through the date of her graduation.

...

**IT IS ... ORDERED, ADJUDGED AND DECREED** that defendant shall pay for reimbursement claims for senior trip expenses in the amount of $917.64.

[Mr. Carter] shall reimburse [Ms. Carter], the amount of Five Hundred and No/100 ($500.00) in attorney fees and all costs associated with the filing of the Rule for Contempt.

Mr. Carter appealed, contending the trial court erred in finding him in contempt of court and ordering him to pay "certain sums pursuant to the parties' [s]tipulation." He asserted the trial court cannot enforce a vague and ambiguous stipulation that does not clearly set forth the parties' intent. Besides challenging the portions of the judgment that ordered him to pay vehicle and cell phone expenses, Mr. Carter also challenged the portion of the trial court's judgment that ordered him to pay $917.64 for senior trip expenses, urging the parties' stipulation was vague as to what type of senior trip should be financed by him.

After the appeal record was lodged, this court issued a rule to show cause order that ordered the parties to show cause why the appeal should not be dismissed. The show cause order states, in part:

It appears from a review of the face of the April 12, 2021 "Judgment" that the judgment at issue ... is ambiguous as to the relief granted.... Specifically, the judgment lacks specificity regarding 1) the minor child's date of high school graduation; 2) the vehicle purchase price; and, 3) what amount constitutes "reasonable amount of cell phone charges."

Mr. Carter has not responded to this court's show cause order. In Ms. Carter's response brief, she avers she "has no opposition to the appeal being dismissed." Ms. Carter concedes the judgment neither specifies the amount of the vehicle purchase price nor the amount constituting a "reasonable amount of cell phone charges." She

3

states these amounts are "not evident without reference to other documents in the record."

## DISCUSSION

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.,** 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). This court's appellate jurisdiction only extends to "final judgments." **Rose v. Twin River Development, LLC,** 2017-0319 (La. App. 1 Cir. 11/1/17), 233 So.3d 679, 683; see also La. C.C.P. art. 2083(A).

Louisiana Code of Civil Procedure article 1918 mandates that a final judgment be identified as such by appropriate language. It is well settled that a final judgment must be precise, definite, and certain. **Laird v. St. Tammany Par. Safe Harbor,** 2002-0045, 2002-0046 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365. A final judgment must contain decretal language. **Carter v. Williamson Eye Center,** 2001-2016 (La. App. 1 Cir. 11/27/02), 837 So.2d 43, 44. Decretal language must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Id.** The specific relief granted should be determinable from the judgment without reference to other documents in the record. **Laird,** 836 So.2d at 366. In the absence of such decretal language, the ruling is not a valid final judgment, and in the absence of a valid final judgment, this Court lacks jurisdiction. **Id; Chandler v. Cajun Ready Mix Concrete,** 2019-1650 (La. App. 1 Cir. 7/7/21), 328 So. 3d 1189, 1192.

Here, the judgment at issue lacks specificity in many respects. It does not specify the amount owed by Mr. Carter for the vehicle, insurance, or cell phone

4

expenses. Reference to extrinsic evidence would be required to quantify these expenses. Accordingly, it is not a proper judgment.[1]

We recognize that this Court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. See **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. However, an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. See **Simon v. Ferguson**, 2018-0826 (La. App. 1 Cir. 2/28/19), 274 So. 3d 10, 14. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final because it lacks decretal language to an application for supervisory writs. See **Boyd Louisiana Racing, Inc. v. Bridges**, 2015-0393, p.4 (La. App. 1 Cir. 12/23/15), 2015 WL 9435285, *4 (unpublished).

## CONCLUSION

For these reasons we dismiss the appeal. Appellant, Jeremy Carter, is assessed with the costs of this appeal.

**APPEAL DISMISED.**

---

[1] We further note the December 2016 stipulated judgment, from which Ms. Carter's May 29, 2020 rule for contempt emanates, likewise lacks specificity in that it fails to quantify a specific dollar amount that Mr. Carter shall pay for the various expenses referenced in the judgment, i.e., extracurricular activities, car purchase, car notes, car insurance, cell phone and cell phone bill, non-covered medical/dental expenses, school uniforms, supplies, registration fees, graduation fees, and senior trip expenses. Where the amount of an award must be determined by a future contingency or ascertained by extrinsic reference, it is not a proper judgment. See **Kimsey v. Nat'l Automotive Ins. Co.**, 2013-856 (La App. 3 Cir. 2/12/14), 153 So.3d 1035, 1038. In a domestic proceeding, there is an established doctrine of continuing jurisdiction, i.e., once a trial court obtains jurisdiction in a divorce or separation proceeding, it retains jurisdiction over any incidental matters connected with the original proceedings. See **McCann v. McCann**, 2011-2434 (La. 5/8/12), 93 So.3d 544, 549. As such, the law grants courts continuing jurisdiction for modification of prior awards. **Dupuy v. Dupuy**, 2000-2744 (La. App. 1 Cir. 3/28/01), 808 So.2d 562, 565. Thus, Ms. Carter could elect to take further steps in the lower court proceedings to obtain a precise and certain judgment delineating Mr. Carter's obligations.